IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PAMELA DOWDY and DAVID DOWDY, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) ) | CASE NO. 2:03-0070 JUDGE KNOWLES |
| WAL-MART STORES, INC. | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I. Introduction and Background

This matter is before the Court upon Defendant's Motion For Summary Judgment. Docket Entry No. 23. In support of its Motion, Defendant has contemporaneously filed a Memorandum of Law (Docket Entry No. 24), a "Concise Statement of Material Facts As To Which Defendant Contends There Is No Genuine Issue For Trial" (Docket Entry No. 25), and excerpts from the Deposition of Plaintiff Pamela Dowdy (Docket Entry No. 23, Ex. A).

Plaintiffs have not responded to Defendant's Motion for Summary Judgment or "Concise Statement of Material Facts As To Which Defendant Contends There Is No Genuine Issue For Trial."

Plaintiffs initially filed this negligence action in the Circuit Court of Putnam County, Tennessee. *See* Docket Entry No. 1. Defendant timely removed the case to this Court on the

1

basis of diversity of citizenship, as well as the amount in controversy.  *Id.*

Plaintiffs, in their Complaint, aver that, while grocery shopping in Defendant's store, Plaintiff Pamela Dowdy "slipped on a foreign substance on the floor, causing her to lose her balance and fall."  Docket Entry No. 1.  Plaintiffs contend that Defendant "was negligent in failing to properly maintain the floor, in failing to remove the foreign substance from the floor and in failing to place adequate warning signs in the area where it knew customers were walking."  *Id.*  Plaintiff Pamela Dowdy seeks $500,000 for pain and suffering, medical bills, lost wages, and the impairment of her enjoyment of life.  *Id.*  Plaintiff David Dowdy seeks $200,000 for loss of consortium and for "loss of his wife's companionship, attention and care."  *Id.*

Defendant filed its Answer on July 10, 2003, denying liability.  Docket Entry No. 3.

On July 30, 2003, the parties consented to have the undersigned conduct any and all further proceedings in the case at bar including the entry of judgment.  Docket Entry No. 5.  In an Order dated August 28, 2003, Judge Haynes transferred this matter to the undersigned.  Docket Entry No. 6.

Defendant filed the instant Motion For Summary Judgment and accompanying submissions on July 25, 2005.  Docket Entry No. 23.  Defendant argues that it is entitled to Summary Judgment because there are no genuine issues as to any material fact and because "Plaintiff cannot establish the requisite elements of negligence to hold [Defendant] liable under either an actual or constructive notice theory of liability."  Docket Entry No. 23.

Plaintiffs have not responded to Defendant's Motion.

For the reasons set forth below, Defendant's Motion For Summary Judgment will be GRANTED.

## II. Undisputed Facts[1]

On July 2, 2002, Plaintiff Pamela Dowdy ("Plaintiff") slipped and fell on a grape while shopping in Defendant's Cookeville, Tennessee location. Docket Entry No. 23, Ex. A, Deposition of Pamela Dowdy ("Plaintiff's Dep."), p. 54. Plaintiff had shopped in that location "many times" prior to her fall on July 2, 2002, and had "generally had good shopping experiences" there. *Id.*, p. 22. Prior to her slip and fall, Plaintiff had never observed any conditions that she felt were unsafe. *Id.*

Plaintiff had been in the store approximately twenty-five minutes before she slipped and fell. Plaintiff's Dep., p. 55. At the time that she fell, Plaintiff was "proceeding to batteries" and was carrying a VCR and her purse, but was not pushing a shopping cart. *Id.*, pp. 48, 52, 54.

Plaintiff did not see any grapes where she fell, nor did she see the grape upon which she fell prior to her fall. Plaintiff's Dep., p. 57, 58, 65. There was no display of grapes near the location where Plaintiff slipped and fell. *Id.*, p. 57. Plaintiff has "no idea" how the grape got on the floor, who may have caused the grape to be on the floor, or how long the grape may have been on the floor prior to her fall. *Id.,* p. 67.

Plaintiff did not see any footprints or shopping cart track-marks that would indicate that other people had stepped on the grape before she did. Plaintiff's Dep., p. 67. There was no warning sign or "caution cone" in the area where Plaintiff fell at the time that she fell. *Id.,* p. 68. Plaintiff does not know if any of Defendant's employees were aware that the grape was on the floor prior to Plaintiff's fall. *Id.*

---

[1] Unless otherwise noted, the following facts are in a form required by Fed. R. Civ. P. 56, and are undisputed.

Plaintiff does not know of anything that Defendant did that caused her to fall. Plaintiff's Dep., p. 69.

### III. Analysis

**A. Local Rules 8(b)(3) and 8(b)(7)(c) and (g)**

Local Rule 8(b)(3) states, in pertinent part:

> Each party opposing a motion shall serve and file a response, memorandum, affidavits, and other responsive material not later than ten (10) days after service of the motion, except, that in cases of a motion for summary judgment, that time shall be twenty (20) days after the service of the motion, unless otherwise ordered by the Court. Failure to file a timely response shall indicate that there is no opposition to the motion.

As has been noted, Defendant filed the pending Motion on July 25, 2005. Docket Entry No. 23. Plaintiffs have failed to respond to Defendant's Motion.

Additionally, with respect to Motions for Summary Judgment specifically, Local Rules 8(b)(7)(c) and (g) state, in pertinent part:

> c. Any party opposing the motion for summary judgment must respond to each fact set forth by the movant ...
> . . .
> g. Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules shall indicate that the asserted facts are not disputed for the purposes of summary judgment.

Plaintiffs have likewise failed to respond to Defendant's "Concise Statement of Material Facts As To Which Defendant Contends There Is No Genuine Issue For Trial." Pursuant to Local Rule 8(b)(7)(g), Plaintiffs' failure to respond indicates "that the asserted facts are not disputed for the purposes of summary judgment." Accordingly, there are no disputed facts in the

4

case at bar. Because this case presents no disputed facts, there is no genuine issue as to any material fact, and all that remains to be determined is whether Defendant is entitled to a judgment as a matter of law.

**B. Motion for Summary Judgment**

It would be inappropriate to grant Defendant's Motion solely on the ground that Plaintiff have failed to respond. *See Stough v. Mayville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998). As the Sixth Circuit has stated:

> [A] district court cannot grant summary judgment in favor of the movant simply because the adverse party has not responded. The Court is required, at a minimum, to examine the movant's Motion for Summary Judgment to ensure that he has discharged [his initial] burden ... The federal rules require that the party filing a Motion for Summary Judgment "always bears the burden of demonstrating the absence of a genuine issue as to a material fact."

*Id.* (citations omitted). The Court will, therefore, consider whether Defendant has met its burdens under the appropriate summary judgment standards discussed below.

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In order to prevail on a Motion for Summary Judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential

5

element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

## C. Negligence

In order for an owner or operator of a premises to be held liable for negligence in permitting a dangerous or defective condition to exist on its premises, a plaintiff must prove that (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty of care; (3) the plaintiff sustained injury; and (4) the defendant's breach of duty both actually and proximately caused the plaintiff's injury. *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995)

6

(citations omitted).

A merchant owes its customers a duty "to exercise reasonable care to keep the premises in a reasonably safe and suitable condition, including the duty of removing or warning against a dangerous condition traceable to persons for whom the proprietor is not responsible ... if the circumstances of time and place are such that by the exercise of reasonable care the proprietor should have become aware of such conditions." *Hardesty v. Service Merchandise Co., Inc.,* 953 S.W.2d 678, 681 (Tenn. App. 1997) (citations omitted).

As a prerequisite to imposing premises liability, a plaintiff must demonstrate that the defendant breached its duty to plaintiff. In order to do so, the plaintiff must establish that (1) the defendant or its agent caused or created the condition; or (2) if the condition was created by someone other than the defendant or its agent, that the defendant or its agent had actual or constructive notice that the condition existed prior to the accident. *Ogle v. Winn-Dixie Greenville, Inc.*, 919 S.W.2d 45, 46 (Tenn. App. 1995). It is not to be presumed that the proprietor of a store is instantly aware of all that transpires within its establishment. *Hardesty v. Service Merchandise Co., Inc.,* 953 S.W.2d 678, 681 (Tenn. App. 1997) (citations omitted). "If liability is to be predicated on constructive knowledge by the Defendant, the proof must show the dangerous or defective condition existed for such length of time that Defendant knew, or in the exercise of ordinary care should have known, of its existence." *Id.* at 682.

**D. The Case at Bar**

In the case at bar, the facts are undisputed; there are no genuine issues as to any material fact. Plaintiff Patricia Dowdy admits under oath that she does not know how the grape came to

be on the aisle floor, who may have caused the grape to be on the floor, or how long the grape had been on the floor prior to her fall. Plaintiff's Dep., p. 67. Plaintiff admits that she does not know whether any of Defendant's employees knew that the grape was on the floor prior to Plaintiff's fall. *Id.*, p. 68.

When there is a complete absence of proof as to when and how the dangerous condition came about, it is improper to permit the jury to speculate on these issues. *Ogle v. Winn-Dixie Greenville, Inc.*, 919 S.W.2d 45, 47 (Tenn. App. 1995), *citing Paradiso v. Kroger Co.*, 499 S.W.2d 78 (Tenn. App. 1973), and *Chambliss v. Shoney's Inc.*, 742 S.W.2d 271 (Tenn. App. 1987). Plaintiffs have failed to adduce any evidence in a form required by Fed. R. Civ. P. 56 to establish that Defendant breached its duty of care. Plaintiffs cannot establish the requisite elements of their claim. Defendant, therefore, is entitled to a judgment as a matter of law.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion For Summary Judgment will be GRANTED.

An appropriate Order will be entered.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge